# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANTEL PROFIT ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-10897** |
| **IAT INSURANCE GROUP ET AL.** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Doc. 7). For the following reasons, the Motion is DENIED.

## BACKGROUND

This action was originally filed in the Civil District Court for the Parish of Orleans by Plaintiffs Jantel Profit and Roderick Richards. Plaintiffs allege that they sustained injuries when a tractor-trailer operated by Defendant Edward B. Lindsey, while in the course of his employment with Davis

1

Transportation, Inc., improperly changed lanes and struck the vehicle occupied by Plaintiffs. Defendants Occidental Fire and Casualty Company of North Carolina, Davis Transportation, Inc., and Edward B. Lindsey removed the case to this Court invoking diversity jurisdiction. Plaintiffs responded with the instant Motion to Remand on the ground that Defendants removal is untimely.

## LEGAL STANDARD

On a motion to remand, the removing party bears the burden of showing that removal was proper.[1] "[I]f the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant."[2] "[I]f the case stated by the initial pleading is not removable, then notice of removal must be filed within 30 days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain the case is removable."[3] The untimeliness of a removal petition is ground for remand that is authorized under Section 1447(c).[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

The parties to this lawsuit dispute the timeliness of the filing of Defendants' Notice of Removal. Pursuant to 28 U.S.C. § 1446 "a notice of

---

[1] Barker v. Hercules Offshore, Inc., 706 F.3d 680, 684–85 (5th Cir. 2013) (citations omitted).
[2] Decatur Hospital Authority v. Aetna Health, Inc., 854 F.3d 292, 297 (5th Cir. 2017) (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992)).
[3] *Id.*
[4] BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012) (citations omitted).
[5] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Camellia Grill Holdings, Inc. v. Grill Holdings, LLC, 15-3795, 2015 WL 5775003, at *1 (E.D. La. Sept. 30, 2015).

removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[6] In order to remove an action on diversity grounds, the amount in controversy must exceed $75,000.[7]

Plaintiffs argue that Defendants should have known that the amount in controversy exceeded $75,000 when they received Plaintiff Profit's medical records and bills on May 25, 2018. Defendants argue that they did not know that the amount in controversy exceeded $75,000 until Plaintiff Profit sent a demand letter for $225,000 and first mentioned a surgical recommendation on October 16, 2018. The Notice of Removal was filed on November 13, 2018.

The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be unequivocally clear and certain to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."[8] Accordingly, this Court must consider whether it was "unequivocally clear and certain" from Plaintiff Profit's medical bills and records produced on May 25, 2018 that the amount in controversy would exceed $75,000.

Plaintiffs contend that Defendants received sufficient information to ascertain that the amount in controversy requirement had been met on May 25, 2018. The production on that date contained documentation regarding Plaintiff Profit's lower back pain, radiating neck pain with numbness and tingling, failed conservative treatment, referral for pain management, and referral for a shoulder MRI. Plaintiff's cervical and lumbar MRIs also revealed

---

[6] Neither party argues that the case was removable at the time of the initial pleading.
[7] 28 U.S.C. § 1332.
[8] Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002).

3

significant stenosis at C5-6 and C6-7. The records indicated that Plaintiff's doctor planned to proceed with cervical epidural steroid injections, but there was no surgical recommendation at that time. The medical bills provided by Plaintiff reflected expenses totaling $11,328.30.

This Court holds that, without a surgical recommendation, the records produced on May 25, 2018 did not make it "unequivocally clear and certain" that the amount in controversy exceeded $75,000.[9] It was not until Plaintiff made a demand in the amount of $225,000 and indicated that she had received a surgical recommendation that it became clear that the jurisdictional minimum would be met. Accordingly, removal was not proper until Defendants received Plaintiff's settlement demand on October 16, 2018.[10] Because the notice of removal was filed within 30 days of receipt of an "other paper" making it "clear and certain" the jurisdictional minimum had been met, removal was timely.

---

[9] *See* Russell v. Home State Cty. Mut. Ins. Co., No. 03-1911, 2003 WL 22697179, at *3 (E.D. La. Nov. 10, 2003) ("In this case, the medical report supplied by plaintiff is essentially a narrative of plaintiff's physical complaints and recent treatment. It contains an invoice amounting to $630.00 and concludes with the doctor commenting that he needs more information to make a prognosis and recommendations for further treatment. The report, then, neither clearly nor certainly establishes jurisdictional amount. Thus, the clock did not begin running until defendant received the demand letter."); Carter v. Strategic Rest. Acquisition Co. LLC, No. 16-2673, 2016 WL 2825848, at *5 (E.D. La. May 13, 2016) (holding that the amount in controversy was not "clear and certain" until defendant received actual cost of surgery of $23,393.34 and plaintiff refused to stipulate that damages did not exceed $75,000); Muse v. Lowe's Home Centers, Inc., No. 2:11-CV-01481, 2011 WL 5025326, at *3 (E.D. La. Oct. 21, 2011) (holding that jurisdictional minimum could not be ascertained until doctor forwarded surgical recommendation costing $28,450).

[10] The Fifth Circuit has held that a post-complaint letter discussing settlement terms, which is not plainly a sham, may be "other paper" under § 1446(b). Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

New Orleans, Louisiana this 26th day of March, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**